CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
SEP - 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VINCENT L. SIMMONS, | ) | |
| Petitioner, | ) | Civil Action No. 7:07CV00193 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, WARDEN | ) | |
| U.S.P. LEE, et al., | ) | By: Hon. Jackson L. Kiser |
| Respondents. | ) | Senior United States District Judge |

Petitioner Vincent L. Simmons ("Simmons"), a federal inmate proceeding pro se, brings this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, with jurisdiction vested under 28 U.S.C. § 1331. Specifically, Simmons contends that he has been in custody on a warrant issued by the U.S. Parole Commission for over five years and has yet to receive a revocation hearing.[1] Respondent Terry O'Brien ("O'Brien"), the Warden of U.S.P. Lee County, filed a Motion to Dismiss to which Simmons filed a timely response, making the matter ripe for disposition. Upon careful review of the record, I conclude that Respondent's Motion to Dismiss must be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 31, 1991, the Superior Court for the District of Columbia sentenced Simmons to eighteen years imprisonment for the offense of assault with the intent to rob. On May 9, 1996, Simmons was released to parole supervision until the expiration of his sentence on March 15, 2009. On October 2, 1996, Simmons was again sentenced by the Superior Court for the District of Columbia to 120 days imprisonment for the offense of possession of marijuana. On November 20,

---

[1] Because Simmons is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

1

1996, the D.C. Board of Parole revoked Simmons' parole for failure to comply with the conditions of his supervision.

On January 12, 1998, Simmons was again released to parole supervision until the expiration of his sentence on June 20, 2009.[2] Simmons again failed to comply with the conditions of his parole and the D.C. Board of Parole revoked his parole for the second time on March 31, 1999. The Board also ordered that Simmons be considered for reparole by January 29, 2000.

On November 15, 2000, following a reconsideration hearing, the U.S. Parole Commission[3] issued a decision granting Simmons parole effective on April 6, 2001, after the service of twenty-nine months. The Commission also recommended that Simmons be placed in a halfway house, or CCC, for up to 120 days prior to his release date. Simmons was transferred to a halfway house prior to his release on parole but, on February 26, 2001, Simmons was placed on escape status after he failed to return to the halfway house after work.

On March 13, 2001, the D.C. Department of Corrections Review Committee conducted a hearing in Simmons' absence and found that he had committed an escape as charged. The Review Committee recommended that Simmons' pending parole decision be suspended. The Administrator for Community Release Programs determined that Simmons' work release privileges would be suspended and that his parole date would be retarded. See (Def.'s Mot. Dismiss, Ex. H.)

---

[2] The expiration of Simmons' sentence was extended when his parole was revoked as required by D.C. Code § 24-206(a).

[3] With the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, 111 Stat. 712, 734-37 (codified at D.C. Code §§ 24-101 et seq. (2001 & Supp. 2005)) ("Revitalization Act"), "Congress transferred responsibility for the imprisonment of all felons convicted under the D.C. Code from the District of Columbia to the federal government." Fletcher v. Reilly, 433 F.3d 867, 870 (D.C. Cir. 2006). The Act also "transferred authority over any imprisoned felon who is eligible for parole or reparole under the D.C. Code from the D.C. Board of Parole to the U.S. Parole Commission" ("Parole Commission"). Id. (internal quotation marks omitted).

On February 23, 2004, the Superior Court of the District of Columbia sentenced Simmons to six years incarceration with three years supervised release for the offenses of conspiracy and unlawful possession of a firearm. Simmons committed these offenses on September 25, 2002, while on escape from the halfway house. On March 23, 2004, the Parole Commission issued a decision to reopen Simmons' case, and schedule a hearing upon his return to custody to determine whether to rescind Simmons' pending parole date based upon his escape from the halfway house. On June 17, 2004, the Parole Commission issued a notice of action placing Simmons on notice that it would consider his new criminal conduct at a rescission hearing.

On April 16, 2007, Simmons filed the current action claiming a denial of due process by the Parole Commission because of their failure to provide him with his "fundamental right" to a revocation[4] hearing. (Pet'r Writ Habeas at 2.) He further claims that this "deems his term of imprisonment . . . invalid." (Pet'r Writ Habeas at 2.) Respondent contends that Simmons received a rescission hearing on June 28, 2007, and claims that Simmons is not entitled to release because of a delay in his hearing as he cannot demonstrate that he has been prejudiced by the delay.

## II. ANALYSIS

While the delay in the instant case may have been unreasonable as the government concedes that the hearing should have been conducted soon after Simmons returned to federal custody, I find that Simmons' claim was rendered moot by the June 28, 2007 rescission hearing. Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest

---

[4] As a clarification, I note that Simmons was not entitled to a revocation hearing as he was not released on parole at the time of his escape. See Christopher v. U.S. Board of Parole, 589 F.2d 924, 932 (7th Cir. 1978) (holding that a prisoner, who was granted a date for parole and transferred to a halfway house, was not a parolee). He was, however, entitled to a rescission hearing concerning his parole effective date.

3

in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim").

In the instant matter, the appropriate remedy for the Parole Commission's failure to hold a timely hearing is for the court to compel the Parole Commission to hold the hearing. See Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); see also Sacasas v. Rison, 755 F.2d 1533, 1535-36 (11th Cir. 1985); Berg v. United States Parole Commission, 735 F.2d 378, 379 n.3 (9th Cir. 1984). Simmons received a rescission hearing on June 28, 2007.[5] Accordingly, as Simmons has received the only remedy available for his claim, his Petition for a Writ of Habeas Corpus is moot. See Johnson v. United States Parole Comm'n, 51 Fed. Appx. 471 (4th Cir. 2002) (claim that petitioner was denied a revocation hearing determined to be moot where petitioner received a hearing and there was no prejudice in the delay (citing Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986))); Ogburn v. United States Parole Comm'n, No.706CV00192, slip. op. at *2 (W.D. Va. July 13, 2006) (dismissing petition as moot when petitioner waived his right to a revocation hearing).[6]

---

[5] The Parole Commission determined that Simmons' parole effective date of April 6, 2001, would be rescinded. His parole effective date was reset to August 6, 2004 "nunc pro tunc to the consecutive six-year sentence." The Parole Commission specifically noted that "this requires the additional service of eighty-four months, which includes the time that Simmons will serve on his consecutive sentence." (Pet'r Resp. at 9.)

[6] Regardless, Simmons would still not be entitled to habeas relief, as he makes no convincing claims of prejudice resulting from the delay of his rescission hearing. Simmons has not pointed to any unfairness in the hearing which could have prejudiced his case nor has he indicated that the delay caused prejudice to his defense at the rescission hearing. Furthermore, the delay in the rescission hearing did not keep Simmons incarcerated any longer than if the hearing had been held immediately as Simmons is serving a lengthy sentence for new criminal offenses that he committed after he escaped. See Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975); Villarreal v. United States Parole Comm'n, 985 F.2d 835, 837 (5th Cir. 1993); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Hanahan v. Luther, 693 F.2d 629, 635 (7th Cir. 1982); Page v. United States Parole Comm'n, 651 F.2d 1083, 1087 (5th Cir. 1981); Northington

4

## III. CONCLUSION

In conclusion, I find that Simmons has failed to state a claim upon which relief may be granted. Accordingly, I will grant Respondent's Motion to Dismiss. An appropriate Order shall be issued this day. The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to Petitioner.

**ENTER:** This 04 day of September, 2007.

*[signature]*
Senior United States District Judge

---

v. United States Parole Comm'n, 587 F.2d 2, 4 (6th Cir. 1978).